**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MARTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ONTEL PRODUCTS CORPORATION, a New Jersey Corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq*.<br>2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq*.<br>3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.*<br>4. RESTITUTION BASED ON QUASI CONTRACT/UNJUST ENRICHMENT<br>5. INTENTIONAL MISREPRESENTATION<br>6. NEGLIGENT MISREPRESENTATION<br><br>**DEMAND FOR JURY TRIAL** |

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1   Plaintiff Paul Martin ("Martin" or "Plaintiff"), individually and on behalf of

2  all other similarly situated purchasers (the "Class") brings this Complaint against

3  Ontel Products Corporation ("Ontel" or "Defendant") in connection with false,

4  misleading, deceptive, and unlawful marketing and sales practices.

5  ## INTRODUCTION

6  1.    Ontel Products Corporation is known for marketing, selling, and

7  distributing hundreds of millions of dollars in "as seen on tv" consumer products

8  annually. Defendant sells the majority of its products through a series of direct-to-

9  consumer ("DTC") ecommerce websites. To increase profits at the expense of

10  unsuspecting consumers and fair competition, however, Defendant pioneered a new

11  "bait-and-switch" scheme which offers a product at a low price (the "bait"), and

12  then tricks consumers into paying for additional units of that product and "add-on"

13  features they never intended to buy, did not want, and did not authorize (the

14  "switch"). Defendant executes this bait and switch scheme by way of subtle,

15  hidden, confusing, deceptive, and misleading features woven throughout the

16  ordering process on its ecommerce websites. This massive marketing con comprises

17  a substantial portion of Defendant's enormous revenues.



26  2.    Defendant's misleading, deceptive, and unlawful acts extend to

27  numerous products, including but not limited to: Micro Mechanic, Huggle™

28  Hoodie, Magic Pad, Arctic Hat™, Turbo Pump™, Piggy Pop, Arctic Air™

Ultra, Arctic Air™, Arctic Air™ Freedom, Chill Chest™, Dust Daddy™, Measure King™, Night Hawk™, Tiger Wrench™, Dream Tents™, Magic Tracks®, Thermapulse™ Relief Wrap, Miracle Teeth Whitener™, Miracle Mist™ Breathe Easy, Wonder Arms™, Turbo Scrub™ 360, Ever Brite™, Veggetti™, Speed Out™, Simply Strait®, Miracle Bamboo®, Safe & Healthy™ (the "Products").

3.     In each and every instance of the Products' ecommerce websites, Defendant uses ambiguous and confusing language to describe the terms of promotional offers, which tricks consumers into inadvertently placing orders for a greater quantity of Products than they intend.

4.     Defendant fails to provide consumers with an opportunity to confirm or edit their order at the end of the ordering process to ensure its accuracy, thereby failing to obtain consumers' informed consent to the charges.

5.     Defendant captures consumers' billing information early in the sales process and fails to advise consumers that Defendant will process their order before providing them with order details.

6.     Defendant includes "upsell" offers that do not clearly inform consumers of the total cost before accepting the offer. Because of Defendant's misrepresentations and misleading "upsell" offers, consumers consistently pay more than they were expecting to pay based on Defendant's misrepresentations.

7.     Upon purchase of the Product, Defendant misleads and confuses consumers by having the selection "Yes! I'd like to DOUBLE my offer for just an additional $19.99," preselected, rather than allowing the consumer to choose the selection. Consumers are charged an extra $19.99 plus applicable shipping costs for products they never intended to purchase and did not want.

///

///

///

///

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069



CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

8.      Defendant fails to clearly state the order quantity during the online sale process, thereby depriving consumers of the opportunity to understand how many individual units of the Products they are ordering.

9.      Defendant charges consumers for "online shipping insurance" without obtaining informed consent. Unless a purchaser clicks on an inconspicuous "decline" button, Defendant charges them for shipping insurance. To make matters worse, Defendant charges the consumer for this so-called "insurance" without disclosing the material terms and conditions.

10.     Defendant falsely advertises a "60 Day Money Back Guarantee," and fails to disclose that processing, shipping, and handling charges will not be refunded.

11.     Defendant's false, misleading, deceptive, and unlawful advertising practices described herein violate the California Consumers Legal Remedies Act, particularly California Civil Code Sections 1770(a)(5), 1770(a)(9), and 1770(a)(16), as well as the Federal Tort Claims Act, particularly 15 U.S.C. § 45. *et seq.* As such,

4

CLASS ACTION COMPLAINT

Defendant has committed *per se* violations of Business and Professions Code Section 17200, *et seq*., and Business and Professions Code Section 17500.

12.     On May 22, 2022, the putative class provided Defendant with notice of these violations via certified U.S. mail pursuant to Civil Code Section 1750, *et seq.*

## **PARTIES**

13.     Plaintiff Paul Martin is an individual residing in Los Angeles, California. Plaintiff purchased the Product in Los Angeles in 2020 via Defendant's DTC website. In making his purchase, Plaintiff fell victim to Defendant's deceptive marketing and sales tactics described herein. Specifically, Plaintiff unknowingly ordered twice as many Arctic Air Products due to Defendant's pre-selection of the "double offer," and was charged an extra $19.99. He also paid an additional insurance service fee that he did not want to purchase. Plaintiff would not have purchased the Product if he knew he would be subjected to deceptive "upselling" of additional product and purported "insurance" he did not want and did not intend to pay for. If the Product's advertising, labeling, and marketing were not misleading, then Plaintiff may purchase the Product in the future.

14.     Ontel Products Corporation is a New Jersey corporation headquartered in New Jersey. Defendant maintains its principal place of business at 21 Law Dr., Fairfield, NJ 07004. Defendant directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner, manufacturer, distributor, advertiser, and seller of the Products, and is the company that created and/or authorized the false, misleading, deceptive, and unlawful advertising, marketing, and sales tactics for the Products.

15.     In committing the wrongful acts alleged herein, Defendant planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent marketing and sales tactics to induce members of the public to purchase and pay hidden fees for the Products. Defendant participated in

the making of such representations in that it did disseminate, or cause said misrepresentations, to be disseminated.

16.     Defendant, upon becoming involved with the advertising and sale of the Products, knew or should have known that its marketing and sales tactics related to the Products was false, deceptive, misleading, and unlawful. Defendant affirmatively uses deceptive tactics in its website advertisements in order to lure consumers into not only purchasing its Products, but paying unnecessarily more for add on Products they never intended on purchasing, resulting in profits of millions of dollars or more to Defendant, all to the damage and detriment of the consuming public.

17.     Defendant's consistent and uniform marketing and sales tactics related to the Products are fraudulent, deceptive, unlawful, and misleading in violation of California and federal advertising laws.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332, because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

19.     Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California who resides in Los Angeles County; Defendant made the challenged false representations to Plaintiff in this District; and Plaintiff purchased the Product in this District. Moreover, Defendant receives substantial compensation from sales in this District, and Defendant made numerous misrepresentations which had a

6

substantial effect in this District, including but not limited to Internet and infomercial advertisements, among other advertising.

20.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## **FACTUAL BACKGROUND**

21.     Defendant has pioneered a deceptive marketing and advertising scheme to profit off of misleading "upsell" offers. Defendant's deceptive and confusing ordering and check-out scheme not only harms consumers, it stifles competition from honest businesses who follow the law and play by the rules.

22.     Defendant primarily sells the Products online on its DTC website. Defendant's Products also appear in over 80,000 retail stores, in over 30 countries worldwide.

23.     Defendant sells numerous Products, including the ARCTIC AIR evaporative air cooler ("Arctic"), through a DTC website. The ordering process on this website is riddled with deceptive and misleading features.

24.     Defendant utilized, and continues to utilize, these deceptive and misleading features on its websites. Compliance with remedial statutes, like those underlying this lawsuit, will benefit Plaintiff, the putative class, consumers, and the general public.

25.     For example, the Arctic home page has an image that states "DOUBLE OFFER," accompanied by small fine print that informs consumers of a "separate fee" amount, which consumers eventually find out is a hefty $19.99.

///
///
///
///
///



26.     The net impression of "DOUBLE OFFER" is that consumers buy one Arctic and get a second Arctic free, or for a nominal fee.

27.     Additionally, the home page plays a video advertisement that states the phrase "we'll double the offer free," further deceiving reasonable consumers into believing they are getting a true "double offer."

28.     The Arctic home page also contains two conspicuous red buttons stating "Order Now." After a consumer clicks these buttons, they are redirected to the Arctic ordering page, where they are immediately prompted to submit contact and billing information. The ordering page has an option stating "Yes? I'd like to DOUBLE my offer for just an additional $19.99" pre-selected. Consumers must unselect this option to avoid paying $19.99 more every time they order.



CLASS ACTION COMPLAINT

29.     Defendant's "DOUBLE OFFER" marketing scam extends to several of the Products. For example, Defendant's "Safe & Healthy" home page attempts to deceive consumers in the same manner as the Arctic home page.[1] The same is true of Defendant's "Arctic Air Freedom" product home page.[2]

30.     The bottom of the ordering page contains an option stating "InsureShip yes! Guarantee my shipment." Consumers have to intentionally opt out of this shipping "insurance."

///

///

_____

[1] *See* Defendant's official website https://www.safeandhealthy.com/ (last visited September 4, 2020).
[2] *See* Defendant's official website https://www.arcticairfreedom.com/#order (last visited September 4, 2020).

9

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

By clicking the 'Process Order' button you are placing a live order and agreeing to the terms and conditions and Arbitration Agreement.

**Insure*Ship***™
Online Shipping Insurance Services, Inc.

✓ Yes, Enroll Me.

○ No, Thank You.

31.    When consumers are ready to review their items and potential charges, they are directed to click a "Process Order" option. But rather than having the opportunity to review their order, consumers are tricked into confirming their order without reviewing their items or charges. When consumers click the "Process Order" button, their order is immediately completed, even before they can review and edit their order, which is atypical for the DTC sales industry.



CLASS ACTION COMPLAINT

32.     Rather than directing consumers to a page that details the order, Defendant redirects consumers to another page that contains advertising and promotions for the Arctic Product. Consumers must click through several different pages, all of which contain various promotional offers, to get to the order confirmation page that states, "Thank you. Your order is complete."

33.     Defendant's purchase confirmation page does not give the consumer the opportunity to edit or cancel their order. Nor does the page display a phone number for consumers to call if they would like to edit or cancel their order. If a consumer does not click through every single promotional offer, they never see the confirmation page and would reasonably believe they never placed their order. This is problematic because Defendant has already collected the consumer's financial information and processed the sale.

34.     Plaintiff unknowingly fell victim to Defendant's "DOUBLE OFFER" scheme. Plaintiff was charged an extra $19.99 for products that he did not wish to purchase. Plaintiff did not notice the overcharges until after he had paid for the Products and his bank account was debited for the order.

35.     Defendant uses the "DOUBLE OFFER" promotion to generate a financial windfall while deceiving consumers into believing that the promotion is legitimate and fair. Defendant's misleading and deceptive practice of tricking consumers into spending an additional $19.99, plus other unwanted add-ons is deceptive and unfair.

36.     Plaintiff and the Class Members have accordingly suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, *inter alia*, compensatory damages, statutory damages, and restitutionary damages.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

"All persons who purchased the Products via Defendant's direct to consumer website or telephone ordering system in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present."

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

38.     The Class is comprised of many thousands of persons. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

39.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false, misleading, and unlawful advertising as well as deceptive marketing tactics. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.  Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

b.  Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

c.  Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

d.  Whether Defendant's advertising and marketing is untrue or misleading within the meaning of Business and Professions Code Section 17500, *et seq.*;

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

e.   Whether Defendant represented that the Products have characteristics that they do not have in violation of California Civil Code Section 1750, *et seq.*;

f.   Whether Defendant advertised the Products with the intent not to sell them as advertised in violation of California Civil Code Section 1750, *et seq.*;

g.   Whether Defendant represented the Products had been supplied in accordance with a previous representation when they were not in violation of California Civil Code Section 1750, *et seq.*; and

h.   Whether Defendant's deceptive marketing scheme alleged herein causes or is likely to cause reasonably foreseeable injuries.

40.   Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained in online advertisements that were seen and relied on by Plaintiff and members of the Class.

41.   Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

42.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false, deceptive, misleading, and unlawful marketing tactics.

43.   The Class is identifiable and readily ascertainable. Defendant maintains the contact information for all of its online purchasers, so Class Notice can be effectuated via direct email and mail notice.

44.   A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

CLASS ACTION COMPLAINT

45.     The trial and the litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

46.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

47.     Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

## COUNT ONE

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

## BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

### (By Plaintiff against Defendant)

48.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

49.     The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

///

///

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

### A.  "Unfair Prong"

50.    Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.,* a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

51.    Defendant's misleading and deceptive conduct alleged herein does not confer any benefit to consumers.

52.    Defendant's misleading and deceptive conduct alleged herein causes injuries to consumers, who do not receive a shopping experience commensurate with their reasonable expectations.

53.    Consumers cannot avoid any of the injuries caused by Defendant's actions. Accordingly, the injuries caused by Defendant's actions outweigh any benefits.

54.    Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

55.    Defendant's misleading and deceptive conduct alleged herein has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

56.    Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T WirelessServs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

57.    Under the California Consumers Legal Remedies Act, certain acts are unlawful if they are "intended to result" or do result "in the sale or lease of goods or

services to any consumer." Cal. Civ. Code § 1770(a). Such prohibited acts include: (1) "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have," (Cal. Civ. Code § 1770(a)(5)); (2) "[a]dvertising goods or services with intent not to sell them as advertised," (Cal. Civ. Code § 1770(a)(9)); and (3) "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not," (Cal. Civ. Code § 1770(a)(16)). Defendant's conduct set forth herein is violative of Cal. Civ. Code § 1770(a)(5), (a)(9), and (a)(16).

58.    Defendant's conduct is tethered to a legislative policy declared in Cal. Civ. Code § 1770(a)(5), (a)(9), and (a)(16).

59.    Under the Federal Tort Claims Act, certain "unfair methods of competition . . . and unfair or deceptive acts or practices" are declared unlawful. 15 U.S.C. § 45(a). Such "unfair or deceptive acts or practices" include acts that "cause or are likely to cause" reasonably foreseeable injury.

60.    Defendant's conduct is tethered to a legislative policy declared in 15 U.S.C. § 45(a).

61.    Defendant's misleading and deceptive conduct alleged herein is false, deceptive, misleading, and unreasonable and constitutes unfair conduct.

62.    Defendant knew or should have known of its unfair conduct.

63.    As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

64.    There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the unfair conduct alleged herein. Defendant could have clearly stated its terms and offers and implemented a checkout process that was legally compliant. For example, Defendant could have

avoided a hidden fee and upsell bait-and-switch scam, and utilized an online check-out process that was clear and intuitive to consumers.

65.    All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's unfair conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

66.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct alleged herein.

### B. "Fraudulent" Prong

67.    California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

68.    Defendant's misleading and deceptive conduct alleged herein is likely to deceive the public.

69.    Defendant's false, misleading, and deceptive conduct alleged herein is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

70.    Defendant knew or should have known of its fraudulent conduct.

71.    The deceptive conduct alleged herein constitutes fraudulent business practices in violation of California Business & Professions Code Section 17200.

72.    Defendant had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have tailored its website to be like its competitors' websites, which abide by fair competition rules.

73.    Defendant's misleading and deceptive conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

CLASS ACTION COMPLAINT

74.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct alleged herein.

### C. "Unlawful" Prong

75.     California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

76.     Defendant is in violation of 16 C.F.R. § 238 entitled "Bait advertising defined," which provides: "For the purpose of this part 'advertising' includes any form of public notice however disseminated or utilized. Bait advertising is an alluring but insincere offer to sell a product or service which the advertiser in truth does not intend or want to sell. Its purpose is to switch consumers from buying the advertised merchandise, in order to sell something else, usually at a higher price or on a basis more advantageous to the advertiser. The primary aim of a bait advertisement is to obtain leads as to persons interested in buying merchandise of the type so advertised."

77.     Defendant is in violation of 16 C.F.R. § 238.1 entitled "Bait advertisement," which provides: "No advertisement containing an offer to sell a product should be published when the offer is not a bona fide effort to sell the advertised product."

78.     Defendant is in violation of 16 C.F.R. § 238.2 entitled "Initial offer," which provides: "(a) No statement or illustration should be used in any advertisement which creates a false impression of the grade, quality, make, value, currency of model, size, color, usability, or origin of the product offered, or which may otherwise misrepresent the product in such a manner that later, on disclosure of the true facts, the purchaser may be switched from the advertised product to another; (b) Even though the true facts are subsequently made known to the buyer, the law is violated if the first contact or interview is secured by deception."

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

79.     Defendant is in violation of 16 C.F.R. § 238.3 entitled "Discouragement of purchase of advertised merchandise," which provides: "No act or practice should be engaged in by an advertiser to discourage the purchase of the advertised merchandise as part of a bait scheme to sell other merchandise. Among acts or practices which will be considered in determining if an advertisement is a bona fide offer are: (a) The refusal to show, demonstrate, or sell the product offered in accordance with the terms of the offer."

80.     Defendant is in violation of 16 C.F.R. § 238.4 entitled "Switch after sale," which provides: "No practice should be pursued by an advertiser, in the event of sale of the advertised product, of 'unselling' with the intent and purpose of selling other merchandise in its stead. Among acts or practices which will be considered in determining if the initial sale was in good faith, and not a strategem to sell other merchandise, are: (a) Accepting a deposit for the advertised product, then switching the purchaser to a higher-priced product."

81.     Defendant is in violation of Cal. Civ. Code § 1770, which declares unlawful: (a)(5) "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have. (a)(9) Advertising goods or services with intent not to sell them as advertised. (a)(16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

82.     Defendant is in violation of 15 U.S. Code § 45(a), entitled "Unfair methods of competition unlawful; prevention by commission," which provides: "(1) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful . . . (4) For purposes of subsection (a), the term "unfair or deceptive acts or practices" includes such acts or practices involving foreign commerce that— (i) cause or are likely to

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

cause reasonably foreseeable injury within the United States; or (ii) involve material conduct occurring within the United States."

83.     By violating the above statutes, laws, and regulations, Defendant is in violation of the unlawful prong of the UCL.

84.     Defendant's misleading and deceptive conduct alleged herein is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

85.     Defendant knew or should have known of its unlawful conduct.

86.     Defendant's misleading and deceptive conduct alleged herein constitutes unlawful business practices within the meaning of California Business and Professions Code Section 17200.

87.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could tailor its website to be like its competitors' websites, which do not mislead reasonable consumers.

88.     All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

89.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff fell victim to Defendant's deceptive marketing and sales tactics described herein. Specifically, Plaintiff unknowingly doubled his offer due to Defendant's pre-selection tactics and purchased shipping insurance. Plaintiff was charged an extra $19.99 and would not have purchased the additional Product had he known about the pre-selection option or the shipping insurance.

90.     Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unlawful conduct as alleged herein. Likewise, Plaintiff and the Class seek an order awarding Plaintiff and the Class restitution of the

money wrongfully acquired by Defendant by means of responsibility attached to Defendant's conduct alleged herein in an amount to be determined at trial.

## COUNT TWO

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq*.

### (By Plaintiff against Defendant)

91.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

92.     California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.,* makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should beknown, to be untrue or misleading."

93.     Defendant, in its advertising, and marketing of the Products as alleged herein, uses misleading and deceptive advertising and marketing tactics in relation to the Products. Such tactics appear prominently on Defendant's official websites.

94.     Defendant controlled the advertising and marketing of the Product. It knew or should have known, through the exercise of reasonable care, that its tactics used on its website were deceptive and misleading.

95.     Defendant's misleading and deceptive conduct alleged herein is likely to deceive the general public.

96.     Defendant's false, misleading, and deceptive conduct alleged herein is false and misleading, such that the general public is and was likely to be deceived, in violation of Section 17500.

97.     Pursuant to Business and Professions Code Section 17535, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of misleading and deceptive marketing tactics alleged herein. Likewise, Plaintiff and the Class seek an order requiring Defendant to be more transparent throughout its ordering process, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's misleading and deceptive conduct alleged herein in an amount to be determined at trial.

98.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's deceptive and misleading conduct alleged herein.

**COUNT THREE**

**VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750,** *et seq***.**

**(By Plaintiff against Defendant)**

99.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

100.    The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

101.    Under the California Consumer Legal Remedies Act, certain acts are unlawful if they are "intended to result" or result "in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). Such prohibited acts include: (1) "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have," (Cal. Civ. Code § 1770(a)(5)); (2) "[a]dvertising goods or services with intent not to sell them as advertised," (Cal. Civ. Code § 1770(a)(9)); and (3) "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not," (Cal. Civ. Code § 1770(a)(16)).

Defendant's conduct set forth herein is violative of Cal. Civ. Code § 1770(a)(5), (a)(9), and (a)(16).

102.    Defendant used misleading and deceptive marketing tactics to sell the Products and made material misrepresentations to fraudulently deceive Plaintiff and the Class.

103.    Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics and quantities which they do not have, e.g., representing that consumers would receive a "double offer," or forcing consumers to pay for two products instead of one. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

104.    Defendant fraudulently deceived Plaintiff and the Class by failing to provide consumers with an opportunity to confirm or edit their order at the end of the ordering process to ensure its accuracy, therefore failing to obtain consumers' informed consent to the charges.

105.    Defendant fraudulently deceived Plaintiff and the Class by capturing consumers' billing information early in the sales process, and failing to advise consumers that Defendant will process their order before providing them with order details.

106.    Defendant fraudulently deceived Plaintiff and the Class by including "upsell" offers that do not clearly inform consumers of the total cost.

107.    Defendant fraudulently deceived Plaintiff and the Class by failing to clearly state the order quantity, thereby depriving consumers the opportunity to understand how many individual units they are ordering;

108.    Defendant knew or should have known, through the exercise of reasonable care, that its conduct was misleading.

23

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

109.   Defendant's actions alleged herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

110.   Defendant's marketing and advertising of the Products was a material factor in Plaintiff's and the Class's injuries. Had they known the truth of the matter, Plaintiff and the Class would never have, for example, ordered twice as many products as they wanted.

111.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct.

112.   Defendant's misleading and unlawful advertising and marketing should be enjoined. In addition, Defendant should be compelled to provide restitution and damages to consumers who overpaid for Products or paid for Products they never wished to purchase.

113.   By letter dated May 22, 2020 Plaintiff advised Defendant of its false  and misleading claims pursuant to California Civil Code Section 1782(a).

## COUNT FOUR

### Restitution Based on Quasi-Contract/Unjust Enrichment
### (By Plaintiff against Defendant)

114.   Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

115.   Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

116.   By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

117.   Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

118.    As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

119.    Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the deceptive and misleading conduct alleged herein.

120.    Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, from selling the Products to Plaintiff and members of the class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances constitutes unjust enrichment.

121.    The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

122.    Plaintiff and members of the Class have no adequate remedy at law.

## COUNT FIVE

### Intentional Misrepresentation
### (By Plaintiff against Defendant)

123.    Plaintiff repeats and realleges all of the allegations contained above and incorporates the same as if set forth herein at length.

124.    Plaintiff brings this cause of action individually and on behalf of all members of the Class against Defendant.

125.    Defendant, through the deceptive and misleading features alleged herein, makes intentional misrepresentations about the Products.

126.    Defendant's misrepresentations regarding the Products are material to a reasonable consumer. A reasonable consumer would attach importance to such representations and would be induced to spend more money than if Defendant had not made the misrepresentations.

127.   At all relevant times when such misrepresentations were made, Defendant knew or should have known that the advertisements were misleading.

128.   Defendant intended for Plaintiff and the Class to rely on the deceptive and misleading features alleged herein.

129.   Plaintiff and members of the Class reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products.

130.   As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SIX

### Negligent Misrepresentation

### (By Plaintiff against Defendant)

131.   Plaintiff repeats and realleges all of the allegations contained above and incorporates the same as if set forth herein at length.

132.   Plaintiff brings this cause of action individually and on behalf of the Class against Defendant.

133.   Defendant, through the deceptive and misleading features alleged herein, makes misrepresentations about the Products.

134.   Defendant's misrepresentations regarding the Products are material to a reasonable consumer. A reasonable consumer would attach importance to such representations and would be induced to spend more money than if Defendant had not made the misrepresentations.

135.   At all relevant times when such misrepresentations were made, Defendant knew or should have known that the advertisement was deceptive.

136.   Defendant intended for Plaintiff and the Class to rely on the deceptive and misleading features alleged herein.

137.   Plaintiff and members of the Class reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Products.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

138.   As a direct and proximate result of Defendant's misrepresentations, Plaintiff and members of the Class have suffered injury in fact.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

A.   An order enjoining Defendant from advertising and selling the Products in a fraudulent, deceptive, unfair, and unlawful manner, as challenged herein;

B.   Damages against Defendant in an amount to be determined at trial, together with pre- and post-judgement interest at the maximum rate allowable by law on any amounts awarded;

C.   Restitution and/or disgorgement in an amount to be determined at trial;

D.   Punitive damages, if proven at trial;

E.   Reasonable attorneys' fees and costs; and

F.   Granting such other and further as may be just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: September 4, 2020                    **CLARKSON LAW FIRM, P.C.**

/s/ Ryan J. Clarkson
Ryan J. Clarkson, Esq.
Matthew T. Theriault, Esq.
Zach Chrzan, Esq.

*Attorneys for Plaintiff*